GOLDSTEIN, APPELLEE, *v.*
SOUTHERN AUTOMOBILE, INC., ET AL., APPELLEES;
COLUMBUS WAREHOUSE DISTRIBUTORS, APPELLANT. ■

[Cite as Goldstein v. Southern Auto, Inc. (1978),
61 Ohio App. 2d 134.]

(No. 78AP-383—Decided November 28, 1978.)

*Mr. Norman Fagin,* for appellee, Howard S. Goldstein.

*Mr. William J. Brown,* attorney general, and *Mr. Steven J. Hatcher,* for appellee, Ohio Department of Taxation.

*Messrs. Feibel, Feibel, Shamansky, Rogovin & Snyder,* for appellant, Columbus Warehouse Distributors.

HOLMES, P. J. This matter comes before the court on an appeal from a judgment of the Franklin County Court of Common Pleas. That court found that the state of Ohio acquired a lien for sales taxes due and unpaid by Southern Automotive, Inc., and that the lien encompassed all property owned by Southern. The trial court further found that the state's lien arose automatically on the date the sales tax payments became due. In so concluding, the court accorded priority to the state's claim over the claims of the general creditors of Southern.

The trial court's judgment was the culmination of an action filed on April 14, 1977, by Howard Goldstein, the sole shareholder of Southern Automotive, Inc., seeking a judicial dissolution of that corporation. With the approval of the court, all of Southern's assets, consisting entirely of personalty and fixtures, were sold.

In determining the priority of the various creditors' claims to the proceeds of the sale, the court was presented

with the issue of whether the claim of the state for unpaid sales taxes had priority over the claims of the general creditors of Southern. Although the state had never levied upon Southern's assets, it claimed an automatic lien had arisen on the date that the taxes had become due. The state further filed an entry of assessment with the Clerk of the Court of Common Pleas pursuant to R. C. 5739.13. By virtue of this alleged lien, the state claimed priority over the general creditors of Southern.

Southern's largest general creditor, the appellant, Columbus Warehouse Distributors, Inc., disputed the state's claimed priority, insisting that R. C. 5739.13 required the state to levy upon Southern's assets before any such lien could arise. Appellant argues that there can be no automatic lien for the nonpayment of sales tax.

The trial court found the sales tax to be an excise tax under R. C. 5739.02. Relying upon the provisions of R. C. 5733.18, the court held that the state acquires a lien upon all property of a delinquent taxpayer at the time the sales tax payment becomes due. The court further found that the state acquires priority over other subsequent creditors of the delinquent at the time an entry of assessment is filed with the clerk, pursuant to R. C. 5739.13.

Appellant sets forth the following assignment of error:

"The trial court's ruling that the State of Ohio automatically enjoys priority over general creditors for unpaid sales taxes in proceedings for judicial dissolution of a corporation is contrary to the law of Ohio."

The basic issue before this court is one of statutory construction; the question is whether the legislature intended R. C. 5739.13 to be read as an exception to the general provisions set forth in R. C. 5733.18, or whether it was intended that the two sections be read in *pari materia*. R. C. 5733.18 provides in relevant part:

"*Annually, on the day fixed for the payment of any excise or franchise tax required to be paid by law, such tax, together with any penalties subsequently accruing thereon, shall become a lien on all property in this state of a corporation,* whether such property is employed by the corporation in the prosecution of its business or is in the hands of an assignee, trustee, or receiver for the benefit of the creditors and

stockholders. Such lien shall continue until such taxes, together with any penalties subsequently accruing, are paid.

*"Upon failure of such corporation to pay such tax on the day fixed for payment,* the treasurer of state shall thereupon notify the tax commissioner and *the commissioner may file,* for which filing no fee shall be charged, *in the office of the county recorder in each county in this state in which such corporation owns or has a beneficial interest in real estate, notice of such lien containing a brief description of such real estate.* Such lien shall not be valid as against any mortgagee, purchaser, or judgment creditor whose rights have attached prior to the time such notice is so filed in the county in which the real estate which is the subject of such mortgage, purchase, or judgment lien is located. Such notice shall be recorded in a book kept by the recorder, called the corporation franchise lien record, and indexed under the name of the corporation charged with such tax.\*\*\*" (Emphasis added.)

R. C. Chapter 5733 is entitled "Corporation Taxes - Excise; Franchise." R. C. 5733.01 sets forth the purpose of the chapter as follows:

"\*\*\*[T]he tax provided by\*\*\*this chapter for domestic corporations shall be the amount charged against each corporation\*\*\*for the privilege of exercising its franchise\*\*\*."

R. C. 5733.18 on its face appears to provide for an automatic lien for a failure to pay *any* excise or franchise tax on the day such tax is due. Thus, the section purports to encompass a broader range of taxes than those authorized in the chapter in which it appears. The first paragraph of this section also seems to impose a lien on all property, real and personal, of the delinquent taxpayer. However, subsequent paragraphs seem to contradict this initial assertion by referring only to real property.

There is no doubt that the Ohio sales tax is an excise tax. R. C. 5739.02 provides that "\*\*\*an excise tax is hereby levied on each retail sale made in this state." At first glance, it would appear that the failure to pay sales tax receipts when due would result in an automatic lien on the retailer's property in favor of the state. R. C. 5739.13 provides, however, that:

"If any vendor collects the tax imposed by or pursuant to section 5739.02, 5739.021 or 5739.023 of the Revised Code,

and fails to remit the same to the state as prescribed or if any motor vehicle dealer collects the tax on the sale of a motor vehicle and fails to remit payment to a clerk of a court of common pleas as provided in section 4545.06 of the Revised Code, he shall be personally liable for any amount collected which he failed to remit. The tax commissioner may make an assessment against such vendor based upon any information in his possession.***

"In each case the commissioner shall give to the person assessed written notice of such assessment.***

"Unless the vendor or consumer, to whom said notice of assessment is directed, files within thirty days after service thereof, either personally or by registered or certified mail, a petition in writing, verified under oath by said vendor, consumer, or his authorized agent, having knowledge of the facts, setting forth with particularity the items of said assessment objected to, together with the reasons for such objections, said assessment shall become conclusive and the amount thereof shall be due and payable, from the vendor or consumer so assessed, to the treasurer of state. When a petition for reassessment is filed, the commissioner shall assign a time and place for the hearing of same and shall notify the petitioner thereof by registered or certified mail, but the commissioner may continue the hearings from time to time if necessary.***

"Notice of the finding made at the hearing shall be served, either personally or by registered or certified mail, upon the party assessed.

"The vendor or consumer may appeal from an assessment, after notice of the findings of the commissioner, to the board of tax appeals in the same time and manner as that provided in section 5717.02 of the Revised Code.

"All assessments, exclusive of penalties, shall, if not paid within thirty days after service of the notice of assessment, bear interest as provided in section 5739.132 of the Revised Code.

"After the expiration of the period within which the person assessed may appeal to the board of tax appeals, or if no petition for reassessment is filed, and if the assessment remains unpaid, a certified copy of the entry of the commissioner making the assessment final may be filed in the office

of the clerk of the court of common pleas in the county in which the vendor's or consumer's place of business is located or the county in which the party assessed resides. If the party assessed maintains no place of business in this state and is not a resident of this state, the certified copy of the entry may be filed in the office of the clerk of the court of common pleas of Franklin county.

*"The clerk, immediately upon the filing of such entry, shall enter a judgment for the state against the vendor or consumer in the amount shown on the entry.* The judgment may be filed by the clerk in a loose-leaf book entitled 'special judgments for the state, county, and transit authority retail sales tax."

*"From the date of the filing of the entry in the clerk's office, the assessment, which includes taxes and penalty, shall have the same effect as other judgments. Execution shall issue upon such judgment upon request of the commissioner and all laws applicable to sales on execution shall be applicable to sales made under such judgment* except as provided in sections 5739.01 to 5739.31 of the Revised Code.***" (Emphasis added.)

We note that R. C. 5739.13, in contradistinction to R. C. 5733.18, makes no mention of an automatic lien; rather, it provides that an entry of assessment filed with the clerk will have the same effect as other judgments. Ordinarily, a judgment standing alone does not give rise to a lien on any property other than lands and tenements. R. C. 2329.02. Thus, if R. C. 5739.13 is read literally, the state cannot acquire a lien on personal property for unpaid sales taxes unless it levies execution based upon the judgment it has obtained.

The state argues that R. C. 5733.18 and 5739.13 should be read so as to complement rather than contradict each other. It is contended that R. C. 5733.18 establishes an automatic lien for all excise taxes, including sales taxes, on the day fixed for payment. This lien, under the state's reasoning, would have priority over all general creditors of the delinquent taxpayer. It further argues that only if the state also desires priority over subsequent lien creditors, secured creditors and purchasers does it have to comply with the filing provisions of R. C. 5739.13.

We cannot accept the construction of the law urged by

the state of Ohio. Were we to read the statutes as it suggests, a number of anomolies would arise. For example, the language of R. C. 5739.13 that the entry of assessment, once filed, "shall have the same effect as other judgments," would be rendered meaningless. Also, R. C. 5733.18 states that "[a]*nnually,* on the day fixed for payment of any excise or franchise tax\*\*\*such tax\*\*\*shall become a lien on all property\*\*\*." However, the sales tax is to be paid to the state monthly or, in certain cases, semi-annually. R. C. 5739.12.

We also note that, under R. C. 5739.13, a sales tax assessment does not become "conclusive" against the vendor until at least thirty days have elapsed from the service of the notice of assessment. Are we to assume that the state acquires a lien on the day fixed for payment, yet the assessment is inconclusive for a certain period of time thereafter? We find the construction urged by the state to be unreasonable.

The state argues in the alternative that the common law prerogative right of the sovereign should apply. The parties have extensively briefed the issue of whether such right continues to exist in Great Britain. Without passing on whether such right would inhere in the state in the absence of statute, we believe that R. C. 5739.13 clearly expresses the intent of the General Assembly on this issue. Under that section the state has the same rights as an ordinary judgment creditor. Therefore, in order to create a lien on real property, a certificate of judgment must be filed; in order to create a lien on personal property, the state must levy on that property. A contrary result could conceivably give the state a tax lien on goods sold at retail to consumers.

In conclusion, we hold that R. C. 5739.13 constitutes an explicit exception to the broad proposition set forth in R. C. 5733.18. Such exception applies specifically to unpaid sales taxes authorized by R. C. 5739.02. In the instant case, it follows that the state acquired no lien on the personal property and fixtures of Southern because it failed to levy thereon. Accordingly, the state's priority should be dissolved, and the Ohio Department of Taxation should be treated as a general creditor entitled to only a *pro rata* share of the proceeds of sale.

For the foregoing reasons, the assignment of error is sustained and the trial court's judgment is hereby reversed, and

this cause is remanded for further proceedings consistent with this decision and according to law.

*Judgment reversed.*

STRAUSBAUGH and McCORMAC, JJ., concur.