YOUNG ET AL., APPELLEES, *v.* PAL ENTITIES ET AL., APPELLANTS.

(No. 86—Decided May 11, 1983.)

*Mr. James Whitaker, Mr. John E. Schlosser* and *Mr. David K. Batsche,* for appellee William G. Young.

*Messrs. Lawson & Sharts* and *Mr. Eddie Lawson, Jr.,* for appellee Pool Builders Supply, Inc.

*Mr. Rupert Ruppert* and *Mr. Christopher Cornyn,* special counsel for the attorney general, for appellant state of Ohio.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County, Ohio.

The plaintiff, William G. Young, commenced this action in his capacity as a shareholder, and also in his capacity as vice president of Pool Builders Supply, Inc., against Pal Entities and the other defendants, all of whom are creditors of Pool Builders Supply, Inc., or have asserted some claim against Pool Builders Supply, Inc. The plaintiff requested that the court order the appointment of a receiver and that the court restrain the defendants from removing any assets of Pool Builders Supply, Inc.

One of the defendants, the appellant herein, the Ohio Department of Taxation, filed an answer in which it asserted that it had a judgment in the sum of $7,549.75 for sales taxes collected by Pool Builders Supply, Inc. which had not yet been remitted to the state of Ohio.

The Department of Taxation also asserted that there was an assessment in the sum of $14,131.18 against Pool Builders Supply, Inc. which was also for sales tax collected, but not yet remitted to the state of Ohio.

The trial court ordered the appointment of a receiver who was ordered to sell all of the assets of Pool Builders Supply, Inc. The record establishes that the sale price of the assets is not sufficient to pay all creditors.

The sum of $7,549.75, which had been reduced to judgment, was determined by the trial court to be a lien which was entitled to a preference. Consequently, the receiver was ordered to pay the same, but the trial court denied any preference to the state of Ohio on the assessment which had not been reduced to judgment at the time of the application for the appointment of a receiver.

This appeal is from the judgment of the trial court denying the preference to the appellant for the balance of the appellant's claim. The appellant assigns as error the following:

"The trial court erred in denying the state of Ohio priority upon its claim for delinquent sales taxes."

The appellant contends that the claim for delinquent taxes has priority over the claims of general creditors, both under the applicable statutes and under the case law of Ohio. The appellant also asserts that it is the state's "prerogative right of the sovereign" to receive payment of

taxes in preference to general creditors. The appellant also contends that since the assessment in question was reduced to judgment prior to the order of the sale of all assets of Pool Builders Supply, Inc., the appellant was entitled to a preference. The trial court, in deciding against the appellant, followed the decision of the Court of Appeals for Franklin County in the case of *Goldstein* v. *Southern Auto., Inc.* (1978), 61 Ohio App. 2d 134 [15 O.O.3d 240].

The appellant contends that the decision in *Goldstein, supra,* is in error and that Pool Builders Supply, Inc. in the collection of the sales tax was acting in a fiduciary capacity. Therefore, the money was collected for the state of Ohio and always belonged to the state of Ohio.

Although this argument was not made in *Goldstein, supra,* the record in the case *sub judice* indicates that the cash which was received from customers for whatever purpose is gone. Thus, the only available assets were personal property, including motor vehicles, which were sold in order to make funds available for payment to creditors. There is, without a doubt, a breach of fiduciary duties, but under these circumstances, there is no fund available which can be designated as being the property of the state of Ohio. Therefore, the proceeds of the sale must be distributed on the basis of priorities. The lienholders must be satisfied and, if anything remains, it will be paid to the general creditors.

The appellant had a valid lien for the sum of $7,549.75, but had only levied an assessment for the sum of $14,131.18 at the time when the rights of creditors were determined. If the appellant's claim of a lien, as to the sum of $14,131.18 is recognized, it will be at the expense of the general creditors. Thus, the question is whether or not the appellant can claim a lien prior to the time of judgment, or execution. We have examined the decision in *Goldstein, supra,* and find it to be on point. Further, we find it persuasive and therefore feel compelled to follow that decision. On that basis, we conclude that the appellant had no lien as to the sum of $14,131.18.

Moreover, we wish to point out to the appellant that *Goldstein, supra,* was decided more than four years ago and that it is approximately four years since the Supreme Court of Ohio overruled the motion to certify the record. Thus, there has been ample time for the General Assembly to act if the appellant felt that the decision in *Goldstein, supra,* was in error as has been asserted in the case *sub judice.* The failure of the General Assembly to act within that period of time gives support to our decision to adopt the reasoning of Justice Holmes who, as a member of the court of appeals, wrote *Goldstein, supra.*

Therefore, the appellant's assignment of error is overruled.

It is the order of this court that the judgment herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and JONES, J., concur.

KOEHLER, J., dissents.

KOEHLER, J., dissenting. Pool Builders Supply, Inc., as a vendor, was required by the law to collect sales tax from its customers. The record indicates that over $14,000 in sales tax monies was collected but not remitted to the state of Ohio.

The majority has concluded that this tax money loses its identity as taxes due the state and is available to subsidize general creditors of a defunct business.

This legalistic sleight of hand is accomplished by reliance upon *Goldstein* v. *Southern Auto., Inc.* (1978), 61 Ohio App. 2d 134 [15 O.O.3d 240], which held that:

"The state cannot acquire a lien on personal property for unpaid sales taxes unless it levies execution based upon the judgment it has obtained."

In *Goldstein,* the court confronted an issue of statutory construction and found it was necessary to determine the legislative intent. In considering R.C. 5739.13, the *Goldstein* court developed a rationale which concluded that sales tax monies collected by a vendor may be applied to the satisfaction of private claims and not totally to the satisfaction of the vendor's tax obligation. In essence, that court concluded that the broad general language of R.C. 5739.13 controls over R.C. 5733.18, which, on its face, specifically provides for an automatic lien in favor of the state of Ohio for a failure to pay *any* excise or franchise tax on the day such tax is due.

I cannot find that the legislature would ever intend to allow such a result and am not persuaded by the decision upon which the majority relied.

The majority acknowledges that the theory of the existence of a fiduciary relationship between the state and the tax collector was not argued in *Goldstein* as it was in the cause *sub judice.* Nevertheless, this court has dispatched the argument since the cash collected from the customers of Pool Builders Supply, Inc. is gone. Although finding a breach of a fiduciary duty, a fund, designated as being the property of the state of Ohio, could not be found and the majority, therefore, relieves the appellee of its fiduciary responsibilities.

I must conclude that R.C. 5733.18 gives the state of Ohio a priority over general creditors for satisfaction of its claim for sales taxes due the state of Ohio and that the proceeds from the sale of assets in the hands of the receiver is the fund from which such tax monies should be paid to the state. Accordingly, I must dissent.